## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **TIMOTHY D. SMITH,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:19-cv-00190-TC-JCB** |
| **GEORGE E. WHALEN, Salt Lake City Veterans Administration,** | **District Judge Tena Campbell** |
| **Defendant.** | **Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(b)(1)(B), District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner for whom Magistrate Judge Jared C. Bennett has taken over due to Judge Warner's retirement.[1]  At the outset, the court notes that Plaintiff Timothy D. Smith ("Mr. Smith") is proceeding pro se and has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2]

Pursuant to the IFP Statute, the officers of the court are required to issue and serve all process and perform all duties related to service of process.  28 U.S.C. § 1915(d).  Accordingly, on May 17, 2019, the court issued an order requiring Mr. Smith to provide certain information to allow the court to serve his complaint upon the named defendant in this case.[3]  Specifically, Mr.

---

[1] ECF Nos. 4, 16.

[2] ECF No. 2.

[3] ECF No. 6.

Smith was ordered to file—on or before June 14, 2019—a listing of the names and addresses of person(s) upon whom service should be made under Fed. R. Civ. P. 4.  Mr. Smith was warned that his failure to provide that information in a timely manner could result in dismissal of this action.

After the June 14, 2019 deadline had expired without Mr. Smith providing the required information to the court, the court issued a second order requiring Mr. Smith to provide the information on or before July 19, 2019.[4]  Mr. Smith was again warned that failure to provide the information in a timely manner could result in dismissal of this action.

On July 12, 2019, Mr. Smith filed an amended complaint.[5]  In that amended complaint, Mr. Smith provided the name and address for the named defendant in this action.

In an order dated August 12, 2019, the court construed Mr. Smith's filing of his amended complaint as compliance with the court's June 18, 2019 order.[6]  Accordingly, the court ordered the Clerk of the Court to issue process for service on the defendant named in Mr. Smith's amended complaint and the United States Marshal to serve the amended complaint on that defendant.  On August 21, 2019, the United States Marshal returned an executed summons for the defendant named in Mr. Smith's amended complaint, which indicated that said defendant was served with the summons and the amended complaint on the same day.[7]

---

[4] ECF No. 8.

[5] ECF No. 10.

[6] ECF No. 11.

[7] ECF No. 13.

In an order dated March 25, 2020, the court notified Mr. Smith that although he had

provided the court with the name and address of the named defendant in this action, he had not

provided names and addresses for all necessary parties to accomplish proper service on the

United States or one of its agencies under Rule 4(i).[8]  Accordingly, Mr. Smith was ordered to, on

or before April 24, 2020, file a listing of the names and addresses of the additional person(s)

upon whom service should be made to accomplish proper service in this action under Rule 4(i).

Mr. Smith was notified that failure to provide that information in a timely manner could result in

dismissal of this action.

On May 8, 2020, after that deadline had expired without Mr. Smith providing the

required information to the court, the court issued an order requiring Mr. Smith to show cause

why this action should not be dismissed for lack of prosecution.[9]  See DUCivR 41-2 ("The court

may issue at any time an order to show cause why a case should not be dismissed for lack of

prosecution.  If good cause is not shown within the time prescribed by the order to show cause,

the court may enter an order of dismissal with or without prejudice, as the court deems proper.").

Mr. Smith was ordered to file a response to the order to show cause on or before May 29, 2020.

Mr. Smith was again notified that failure to file a timely response could result in dismissal of this

action.  *Id*.

---

[8] ECF No. 14.

[9] ECF No. 15.

On May 28, 2020, Mr. Smith's spouse ("Mrs. Smith") filed a notice with the court indicating that Mr. Smith passed away on February 29, 2020.[10]  Mrs. Smith also specifically indicates that she "will no longer be pursuing this case."[11]  In light of that notice, the court concludes that this case should be dismissed without prejudice under Fed. R. Civ. P. 25(a)(1) and 41(a)(1)(A)(i).  The grounds for dismissal under each rule are provided separately below

First, this action must be dismissed under Rule 25.  Rule 25(a)(1), which governs substitution of parties in the event of death, provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party" if "any party" or "the decedent's successor" files a motion for substitution.  Fed. R. Civ. P. 25(a)(1).  If a substitution motion is not filed within 90 days after a notice of death being filed, then "the action by . . . the decedent *must* be dismissed."  *Id*. (emphasis added).  Regardless of whether a notice of death has been filed, Mrs. Smith is certainly aware of Mr. Smith's unfortunate death and, as his spouse, would be eligible to be substituted as a plaintiff in this action.  Utah Code Ann. §§ 75-2-102(1) (stating spouse's entitlement to decedent's estate in intestate succession); 75-2-202(1) (stating spouse's entitlement to elective share in the event he/she is omitted from decedent's will).  However, she has expressly declined to do so.  Therefore, because no motion for substitution will be filed, this case must be dismissed under Rule 25.

Second, besides Rule 25, this action can also be dismissed under Rule 41.  Rule 41(a)(1)(A)(i), which relates to a notice of voluntary dismissal by the plaintiff in an action,

---

[10] ECF No. 17.

[11] *Id*.

4

provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of

dismissal before the opposing party serves either an answer or a motion for summary judgment."

Fed. R. Civ. P. 41(a)(1)(A)(i).  Assuming that Mrs. Smith is the proper party who could be

substituted for Mr. Smith, she has indicated that she no longer wishes to pursue this action.

Thus, the court construes her notice as one for voluntary dismissal under Rule 41(a)(1)(A)(i).

Consequently, the court concludes that dismissal without prejudice is appropriate here.

Therefore, IT IS HEREBY RECOMMENDED that this action be DISMISSED

WITHOUT PREJUDICE.  Copies of this Report and Recommendation are being sent to all

parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b).  The parties must file any objection to this Report and Recommendation within 14 days

after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to

object may constitute waiver of objections upon subsequent review.

DATED June 17, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge